EAST GREENWICH INSTITUTION FOR SAVINGS *vs.* OLIVER P. KENYON.

#### KENT—JUNE 7, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

If the owner of property permit another to sell it and receive money for it, and by his actions assure the purchaser that the title is in such other person, he is bound by the conveyance as if he had joined in it.

A person is estopped to set up the truth in contradiction of his own conduct and thereby to make the truth an instrument of fraud.

Where the testimony is directly in conflict, it is the province of the jury to determine the credibility of the witnesses.

TRESPASS AND EJECTMENT for possession of land to a part of which the defendant claimed title in himself. Heard on defendant's petition for a new trial.

MATTESON, C. J. This is an action of trespass and ejectment to recover possession of a tract of land in East Greenwich, containing about forty acres, purchased by the plaintiff at a mortgagee's sale. The case is before us on defendant's petition for a new trial. At the trial in the Common Pleas Division the defendant claimed title to two parcels of the tract for the possession of which the suit is brought, but at the hearing of the petition for new trial waived the grounds on which the petition was based except in so far as they related to the parcel conveyed to him by deed from Abel C. Kenyon, Jr., dated November 18, 1888. As to this parcel the defendant contends: (1) That the verdict is against the law and the evidence; (2) That the presiding justice at the trial erred in his statements of law in his charge to the jury; (3) That he mistated the evidence in his charge.

The entire tract which is the subject of suit was owned in 1872 by Abel C. Kenyon, Sr. By deed dated April 9th of that year he conveyed to his son Abel C. Kenyon, Jr., a portion of the tract, the exact location and dimensions of which do not clearly appear from the description in the deed, and were in dispute at the trial. In November, 1888, he executed a mortgage, bearing date on the 9th of that month, to the plaintiff, of the entire tract, including the parcel previously conveyed to his son Abel, as stated. It was at the sale under this mortgage that the plaintiff became the purchaser of the tract in suit. Five days subsequently to the date of this mortgage, on, to wit, November 14, 1888, Abel C. Kenyon, Jr., conveyed to his brother, the defendant, the parcel of the tract which had been conveyed to the former by his father prior to the execution of the mortgage, as above stated, and as to which the defendant is seeking to obtain a new trial.

At the trial in the Common Pleas Division the plaintiff's treasurer testified in substance that Abel C. Kenyon, Jr., made the application to the plaintiff for the loan which the mortgage was given to secure ; that after the application had been accepted by the plaintiff he gave to its treasurer, by whom the mortgage was written, the boundaries of the tract as described in the mortgage ; that when the mortgage had been executed it was left at the town clerk's office, and that the plaintiff's treasurer and Abel C. Kenyon, Jr., met there to complete the transaction ; that Abel C. Kenyon, Sr., the mortgagor, was not present, but was represented there by Abel C. Kenyon, Jr., and that upon the leaving of the mortgage with the town clerk for record the plaintiff's treasurer gave checks for the amount of the loan, to creditors of the mortgagor and Abel C. Kenyon, Jr., for the settlement of their claims, for which purpose the loan was made, and the claims were released ; that though the plaintiff's treasurer knew, at the time the boundaries of the tract were given to him by Abel C. Kenyon, Jr., about how the land lay, he could not have described it because a lot had been sold out of it ; that he did not then know of the deed of April 9, 1872, from Abel C. Kenyon, Sr., to Abel C. Kenyon, Jr.

The testimony of the plaintiff's treasurer as to the instrumentality of Abel C. Kenyon, Jr., in making the application to the plaintiff for the loan and furnishing the boundaries for the description of the land in the mortgage, was denied by the latter, who testified that he had no talk with the plaintiff's treasurer prior to the making of the mortgage.

The defendant claimed title to the parcel of the tract now in question under the two deeds referred to, viz., that from Abel C. Kenyon, Sr., to Abel C. Kenyon, Jr., dated April 9, 1872, and that from Abel C. Kenyon, Jr., to the defendant, dated November 14, 1888.   The plaintiff, on the other hand, contended that the parcel passed under the mortgage, because Abel C. Kenyon, Jr., procured the making of the mortgage and caused the parcel to be included in the description of the land which it conveyed.

As two of the grounds urged in support of the petition are that the justice who presided at the trial misstated the testimony and erred in his instructions to the jury, and as the defendant's counsel has quoted and criticised detached portions of the charge in his brief, perhaps we cannot do better than to transcribe that part of the charge which relates to the lot in question, so that the charge may speak for itself.   It is as follows :   '' The first piece of land is described in a deed from Abel C. Kenyon to Abel C. Kenyon, Jr., which was dated April 9, 1872, and which was subsequently conveyed from Abel C. Kenyon, Jr., to Oliver P. Kenyon, the defendant in this case, on the 14th of November, 1888, after the time that this mortgage was made.   In regard to that piece of land, he says it belongs to him because he bought it of his brother, and his brother had it conveyed to him from his father.   So far as the record shows, that piece of land belonged at the date of the mortgage to Abel C. Kenyon, Jr.   But the plaintiff contends that it passed under this mortgage nevertheless, because Abel C. Kenyon, Jr., procured this mortgage to be made, which included in its description that piece of land with the rest.   Now the law upon that point is this, gentlemen :   If I own a piece of property and permit somebody else to sell it and receive money for it, if I permit him to sell

and by my actions assure the purchaser that the title is in the other person, then I am bound by that conveyance as if I had joined in it. I am not permitted to perpetrate fraud upon my neighbor by inducing him to pay money for a thing which belongs to me, under the impression conveyed by me that it belongs to a third person. And if that is the state of things shown by the testimony here, then Abel C. Kenyon, Jr., and those who claim under him, cannot claim adversely to the mortgage which covered this same piece of property. Upon this point there is a direct conflict of testimony. Abel C. Kenyon, Jr., himself says that he had nothing whatever to do with making of the mortgage. The treasurer of the bank says that Abel C. Kenyon, Jr., was the efficient instrument in the making of this mortgage; that Abel C. Kenyon, Jr., furnished him with the description of the property, including Abel C. Kenyon, Jr.'s, own lot among the rest, which was written in the mortgage; that Abel C. Kenyon, Jr., was at the town clerk's office at the time the mortgage was delivered, that the note accompanying the mortgage was delivered, and that the money which was borrowed on this mortgage went to pay Abel C. Kenyon, Jr.'s, debts. Now, if these facts are so, then it would be fraudulent for Abel C. Kenyon, Jr., to contend that the mortgage did not contain, and did not cover, and did not convey title to whatever it purported to convey title to; and it is a fraud which the law does not allow a man to take advantage of, and does not allow him to set up in a court of justice. The principle is one which is called estoppel. A person is estopped to set up the truth in contradiction to his conduct, so as make the truth an instrument of fraud. If Abel C. Kenyon, Jr., could sell a mortgage made by his father for a certain sum of money, representing it to be a good and valid mortgage, and then afterwards could be allowed to show, whether truthfully or not, that the mortgage was not good, it would be to perpetrate iniquity, and the law does not allow it. So that upon this first issue, whether the land described in the deed from Abel C. Kenyon to Abel C. Kenyon, Jr., dated November 9, 1872, was included in the mortgage by which

the plaintiffs claim title, you will find that in the affirmative or negative as you may find that Abel C. Kenyon, Jr., was the efficient instrument in promoting the loan by this mortgage, or that he was not—that he knew nothing about it."

We think that the charge fairly stated the testimony and correctly applied the law to the case in hand. The authorities relied on by the defendant in support of his petition are not inconsistent with the instructions so given, but are clearly distinguishable on their facts from the case at bar.

As to the ground that the verdict is against the evidence, the testimony, as we have seen, was directly in conflict. It was the province of the jury to determine the credibility of the witnesses. They have found for the plaintiff, and we see no reason to think that they erred in so finding.

The defendant's petition for new trial denied and dismissed, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.

*Samuel W. K. Allen,* for plaintiff.

*Charles J. Arms,* for defendant.